IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC ALLEN CUMMINGS, )
)
                    Petitioner, )          Civil Action No. 2:21-cv-1062
)
        v. )
)
M. ADAMS, PENNSYLVANIA )
BOARD OF PROBATION AND )
PAROLE, )
)
                    Respondents. )

## MEMORANDUM[1]

For the reasons that follow, the Court will deny the Petition for a Writ of Habeas Corpus (ECF 4) filed by state prisoner Eric Allen Cummings ("Petitioner"), deny a certificate of appealability and close this case.

## I.      Relevant Background and Facts

In the first part of 2018, Petitioner was on parole and under the supervision of the Pennsylvania Board of Probation and Parole ("Board"). Petitioner's maximum sentence date for the sentence he was serving at that time was set to expire on April 29, 2019. (ECF 4-1 at p. 14.)

In July 2018, the Commonwealth filed an Information in the Court of Common Pleas of Venango County at criminal docket number CP-61-CR-470-2018 ("2018 Venango County case") charging Petitioner with these crimes: Count 1—Persons not to Possess a Firearm, 18 Pa. Cons. Stat. § 6105(a)(1); Count 2—Firearms Ownership/Duty of Other Persons, *id.* § 6111(c); Count 3—Marijuana, Small Amount Personal Use, 35 Pa. Stat. § 780-113(a)(31)(i);

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. (ECF 7, 13.)

and Count 4—Possession with Intent to Use Drug Paraphernalia, *id.* § 780-113(a)(32). (ECF 4-1 at pp. 21-26.)

On December 17, 2018, Petitioner pleaded guilty pursuant to a negotiated plea agreement to Counts 1 and 2 "as amended."[2] Counts 3 and 4 were nol prossed. (Plea Agreement Form at pp. 1-2; docket sheet for 2018 Venango County case at p. 4.)[3] On March 8, 2019, the trial court sentenced him to a total aggregate sentence of five years to be served "concurrent with any and all sentences previously imposed upon [Petitioner] whether in Venango County or elsewhere." (ECF 15-1 at pp. 1-2.)

Petitioner did not file a direct appeal to the Superior Court of Pennsylvania. (ECF 4 at p. 2; docket sheet for the 2018 Venango County case at pp. 4-6.) Accordingly, his judgment of sentence became final under both state and federal law 30 days later on April 8, 2019, which is when the time for him to file an appeal expired. Pa.R.Crim.P. 720(A); 42 Pa. Cons. Stat. § 9545(b)(3); *Gonzalez v. Thaler*, 565 U.S. 134, 149-54 (2012) (a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) at the conclusion of direct review or the expiration of time for seeking such review).

Petitioner became a convicted parole violator under state law as a result of his convictions in the 2018 Venango County case. Thus, on April 18, 2019, the Board issued a decision recommitting him "to a state correctional institution as a convicted parole violator to serve 18

---

[2] Count 1 was originally graded as a felony of the second degree. When Petitioner pleaded guilty to that count it was graded as a misdemeanor in the first degree.

[3] An up-to-date version of the docket sheet for the 2018 Venango County case is available online at https://ujsportal.pacourts.us (lasted visited Apr. 25, 2023) and the Court takes judicial notice of it. The Court also takes judicial notice of the December 17, 2018 Plea Agreement Form and the August 25, 2020 and November 9, 2020 orders entered in Petitioner's 2018 Venango County case, which are public records and are attached to this Memorandum.

months, concurrently, for a total of 18 months backtime." (ECF 4-1 at p. 4.) In this same decision, the Board notified Petitioner that due to his status as a convicted parole violator, it had recalculated his maximum sentence date to be December 23, 2021 instead of April 29, 2019. (*Id.*; ECF 4-1 at pp. 14-15.)

At the end of the Board's April 18, 2019 decision, it expressly notified Petitioner of his appeal rights, explaining to him that:

> [t]his decision involves an issue that is subject to the Board's administrative remedies process. *See* 37 Pa. Code. Sec. 73. Failure to administratively appeal the decision may affect your legal rights. If you wish to appeal this decision, you must file a request for administrative relief with the Board within thirty (30) days of the mailing date of this decision. This request shall set forth specifically the factual and legal bases for the allegations. You have the right to an attorney in this appeal and in any subsequent appeal to the Commonwealth Court. You may be entitled to counsel from the Public Defender's Office at no cost. Enclosed with this Board decision is an administrative remedies form and the names and addresses of all the chief public defenders in the Commonwealth. Any request for a public defender should be sent directly to the public defender's office in the county where you currently reside.

(*Id.* at p. 5.) Notwithstanding these clear instructions, Petitioner did not seek review of the Board's April 18, 2019 decision.

The next year, on June 1, 2020, Petitioner filed in his 2018 Venango County case a motion for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq.* On November 9, 2020, the trial court, now the PCRA court, issued an order dismissing Petitioner's motion as untimely under the PCRA's one-year statute of limitations, which is jurisdictional. (*See* PCRA court's Nov. 9, 2020 and Aug. 25, 2020 orders.) Petitioner did not appeal the PCRA court's decision to the Superior Court. (Docket sheet for the 2018 Venango County case at pp. 5-6.)

On February 23, 2021, the Board denied Petitioner parole. (ECF 4-1 at pp. 6-8.) Petitioner filed an administrative appeal of this decision. In it, he challenged the Board's decision denying

him parole and also argued for the first time that the elements for the crimes he pleaded guilty to in his 2018 Venango County case (which resulted in the Board recommitting him as a convicted parole violator) were "lacking in fact beyond a reasonable doubt." (ECF 4-1 at p. 11.) Petitioner argued that the Board's April 18, 2019 decision recalculating his parole violation maximum sentence date was unlawful and therefore he was being imprisoned "beyond the termination date of the judicially maximum sentence." (*Id.*) The Board denied this appeal on or around May 24, 2021, explaining that administrative appeals and requests for reconsideration are not permitted from parole denials. (ECF 4-1 at p. 13.)

On or around August 11, 2021, Petitioner submitted to this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his custody. He did not pay the filing fee or move for leave to proceed in forma pauperis, however. Thus, the Court issued an order advising him that he must do one of those two things. (ECF 2.) In this same order, the Court explained to Petitioner that he must challenge the validity of his custody under 28 U.S.C. § 2254, which is the federal habeas statute applicable to state prisoners like him. *See, e.g.*, *Felker v. Turpin*, 518 U.S. 651 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"); *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001) ("It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one…. In the instant action, both Sections 2241 and 2254 authorize [the petitioner's] challenge to the legality of his continued state custody…. applying the 'specific governs the general' canon of statutory construction to this action, we hold that [Petitioner] must rely on Section 2254 in challenging the execution of his sentence.").

The Court provided Petitioner with the standard form to be used in § 2254 habeas cases and directed him to complete and submit it along with the statutory filing fee or a properly completed application to proceed in forma pauperis. (ECF 2.)

Petitioner subsequently submitted the instant petition for a writ of habeas corpus on the standard form for a § 2254 habeas case (ECF 4) along with the $5.00 filing fee. He claims that he is being imprisoned beyond the expiration of his maximum sentence due to an alleged error made by the Board in calculating his parole violation maximum sentence date. (ECF 4 at pp. 5-8, 13; *see also* ECF 15 at pp. 2-6.) Petitioner also challenges the validity of his convictions in the 2018 Venango County case, claiming he pleaded guilty to "charge[s] that did not apply to [him]." (*Id.* at pp. 5-7.) He also claims his trial counsel was ineffective for "fail[ing] to recognize and convey legal defenses to [him]" and for allowing him "to get sentenced on charges that did not apply to [him]." (*Id.* at p. 8.) Petitioner asserts that because those convictions are allegedly invalid, the Board's subsequent action based on them (the April 19, 2018 decision recommitting him as a convicted parole violator and recalculating his parole violation maximum sentence) is also invalid. (*Id.* at p. 13; ECF 15.)

Respondents have filed the Answer (ECF 10) and Petitioner has filed the Reply (ECF 15.)

## II.     Discussion

### A.     Claims Challenging the Board's April 18, 2019 decision are procedurally defaulted

Respondents assert that the Court should deny Petitioner's claims challenging the Board's April 18, 2019 decision because he did not exhaust his available state court remedies. The "exhaustion doctrine" requires that a state prisoner raise his federal constitutional claims in state court through the proper procedures before he litigates them in a federal habeas petition. *See, e.g.*, *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). It is "grounded in principles of comity;

in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). It "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Importantly, the Supreme Court has held that a petitioner must have "invoke[d] one complete round of the State's established appellate review process[,]" in order to satisfy the exhaustion requirement. *Id*.

The related doctrine of procedural default, like the doctrine of exhaustion, is "grounded in concerns of comity and federalism," *Coleman*, 501 U.S. at 730. As the Supreme Court recently explained:

> State prisoners . . . often fail to raise their federal claims in compliance with state procedures, or even raise those claims in state court at all. If a state court would dismiss these claims for their procedural failures, such claims are technically exhausted because, in the habeas context, "state-court remedies are. . . 'exhausted' when they are no longer available, regardless of the reason for their unavailability." *Woodford v. Ngo*, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 165 L. Ed.2d 368 (2006). But to allow a state prisoner simply to ignore state procedure on the way to federal court would defeat the evident goal of the exhaustion rule. *See Coleman*, 501 U.S. at 732, 111 S. Ct. 2546. Thus, federal habeas courts must apply "an important 'corollary' to the exhaustion requirement": the doctrine of procedural default. *Davila [v. Davis]*, 582 U.S., at — , 137 S. Ct. [2058], 2064 [2017]. Under that doctrine, federal courts generally decline to hear any federal claim that was not presented to the state courts "consistent with [the State's] own procedural rules." *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S. Ct. 1587, 146 L. Ed.2d 518 (2000).
>
> Together, exhaustion and procedural default promote federal-state comity. Exhaustion affords States "an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights," *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S. Ct. 18, 70 L. Ed.2d 1 (1981) (per curiam), and procedural default protects against "the significant harm to the States that results from the failure of federal courts to respect" state procedural rules, *Coleman*, 501 U.S. at 750, 111 S. Ct. 2546. Ultimately, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without [giving] an opportunity to the state courts to correct a constitutional violation," *Darr v. Burford*, 339 U.S. 200, 204, 70 S. Ct. 587, 94 L .Ed. 761 (1950), and to do so consistent with their own procedures, *see Edwards*, 529 U.S. at 452-453, 120 S. Ct. 1587.

*Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022).

To succinctly summarize it, the procedural default doctrine provides that a Pennsylvania state prisoner in a non-capital case defaults a federal habeas claim if he: (1) failed to present a claim to the state court and cannot do so now because the state courts would decline to address the claim on the merits as state procedural rules (such as the state's waiver or limitations rules) bar such consideration; or (2) failed to comply with a state procedural rule when he presented the claim to the state court, and for that reason the state court declined to address the federal claim on the merits. *See, e.g.*, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *O'Sullivan v. Boerckel*, 526 U.S. 838, 851-56 (1999) (Stevens, J. dissenting) (describing the history of the procedural default doctrine); *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Lines v. Larkins*, 208 F.3d 153, 162-69 (3d Cir. 2000).

The first scenario is what has occurred here. As the Board explained to Petitioner in its April 18, 2019 decision, in order to properly exhaust a claim challenging its decision, Petitioner had to first file an administrative appeal within 30 days of the mailing of the Board's decision, 37 Pa. Code § 73.1. If that appeal did not succeed, Petitioner then would have to file an appeal with the Commonwealth Court of Pennsylvania, 42 Pa. Cons. Stat. § 763(a), and thereafter seek allowance of appeal with the Supreme Court of Pennsylvania. Pa.R.A.P. 1114; *Williams v. Wynder*, 232 F. App'x 177, 179-80 (3d Cir. 2007). Petitioner did not complete these steps. The time for him to do so has long since expired. As a result, Petitioner procedurally defaulted the claims he raised in his habeas petition that challenge the Board's April 18, 2019 decision.

A petitioner may avoid the default of his claims by demonstrating that the federal habeas court's failure to consider them will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. This type of "gateway" actual innocence claim requires evidence of "actual

innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup v. Delo*, 513 U.S. 298, 316 (1995); *see, e.g.*, *Reeves v. Fayette, SCI*, 897 F.3d 154, 157 (3d Cir. 2018). Where, as is the case here, the petitioner pleaded guilty, he also must establish his actual innocence not only of the count to which he pleaded guilty (Counts 1 and 2), but also of the other charges the government excused as part of the plea bargain process (Counts 3 and 4). *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[,]" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), and that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 401 (quoting *Schlup*, 513 U.S. at 316). This case is not one of those rare cases in which the actual-innocence gateway would apply.

A petitioner may also overcome the default if he shows "cause for the default and actual prejudice as a result of the alleged violation of federal law[.]" *Coleman*, 501 U.S. at 750. "'Cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him[.]" *Id.* at 753 (emphasis in original). Here, Petitioner could have pursued an administrative appeal of the Board's April 18, 2019 decision and the failure to do so must be attributed solely to him. Thus, he cannot establish the requisite "cause" to overcome his default.

Because Petitioner has procedurally defaulted his claims challenging the Board's April 18, 2019 decision recommitting him as a convicted parole violator and recalculating his parole violation maximum sentence, those claims are denied.

B.      Claims challenging the validity of Petitioner's convictions in the
        2018 Venango County case are time-barred

Respondents assert that the Court should deny Petitioner's claims because they are time-barred under the applicable one-year statute of limitations, which was enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and codified at 28 U.S.C. § 2244(d).[4] It requires, with a few exceptions not applicable here, that habeas corpus claims under 28 U.S.C. § 2254 be filed within one year of the date that the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[5]

As explained above, Petitioner's judgment of sentence became final on April 8, 2019. Thus, he had until on or around April 8, 2020 to file a timely federal habeas petition challenging his 2018 Venango County convictions.[6] Petitioner did not commence this habeas action until on or around August 11, 2021, thereby making the claims untimely by at least 16 months.

---

[4] Respondents also assert that Petitioner defaulted his claims challenging his convictions in the 2018 Venango County case. The Court's disposition on timeliness makes it unnecessary to reach this additional issue.

[5] The date upon which AEDPA's one-year limitations period commenced is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004). In this case, the statute of limitations for each of Petitioner's claims challenging his 2018 Venango County convictions began to run on the date his judgment of sentence became final in accordance with § 2244(d)(1)(A). The remaining of provisions § 2244(d)(1) do not apply to any of Petitioner's claims. 28 U.S.C. § 2244(d)(1)(B)-(D).

[6] AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The PCRA motion Petitioner filed on June 1, 2020 was filed *after* AEDPA's statute of limitations expired, so it could not serve to statutorily toll the limitations period under § 2244(d)(2). Additionally, because the state court held that motion was untimely filed under state law, it does not qualify as a "properly filed application for State post-conviction or other collateral review" under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (a state postconviction petition that is "rejected ... as untimely ... was not 'properly filed' ... and ... [does] not entitle[ ] a federal habeas corpus [petitioner] to statutory tolling under § 2244(d)(2).").

The Supreme Court has held that AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id*; *see also Wallace v. Mahanoy*, 2 F.4th 133, 143-44 (3d Cir. 2021); *Ross v. Varano*, 712 F.3d 784, 798-804 (3d Cir. 2013). "This conjunctive standard requires showing *both* elements before we will permit tolling." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original)). The Court of Appeals has further instructed that:

> "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," *Seitzinger v. Reading Hosp. & Medical Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." *Miller [v. New Jersey State Dept. of Corr.]*, 145 F.3d [616, 618 (3d Cir. 1998)].

*Id.*

Petitioner has failed to establish that extraordinary circumstances prevented him from filing a timely federal habeas petition or that he was diligent in pursuing federal habeas relief. He asserts that because of the COVID-19 pandemic he "could not go to [the] law library to reserve and work on [his federal habeas petition]." (ECF 15 at p. 1.) This argument does not support equitable tolling, at least for the amount of time that would be required to save his claims from being time-barred. By the time the COVID-19 pandemic would have begun to effect prison operations in March 2020, about 11 months had already expired from AEDPA's one-year limitations period. There are no grounds to equitably toll the limitations period during that 11-month period. Thus, once any tolling lifted, Petitioner only had approximately one month to file a timely federal habeas petition. And if the Court equitably tolled AEDPA's limitation period beginning in March 2020, that tolling would

be lifted no later than by June 2020 because by that month Petitioner was able to file a PCRA motion in state court. If he could do that, he could also have filed a federal habeas petition.

Petitioner may not have understood the implications of waiting so long to file a federal habeas corpus petition. It is well established, however, that "lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross*, 712 F.3d at 799-800 (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003) (equitable tolling not justified where petitioner had one month left in limitations period in which he could have filed "at least a basic pro se habeas petition" at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer adequately represent him)); and *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect pro se petitioners to know when the limitations period expires . . . such inadvertence on *Doe*'s part cannot constitute reasonable diligence.")

Finally, in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court recognized that the actual-innocence "gateway" to federal habeas review developed in *Schlup v. Delo*, 513 U.S. 298 (1995) for procedurally defaulted claims extends to cases in which a petitioner's claims would otherwise be barred by the expiration AEDPA's one-year statute of limitations. As explained above, this case is not one of those rare cases in which the actual-innocence gateway would apply.

In conclusion, Petitioner has shown neither that an "extraordinary circumstance" stood in his way of filing his claims challenging his convictions in his 2018 Venango County case within AEDPA's statute of limitations or that he acted with the required diligence sufficient to justify the amount of equitable tolling that would be required to save his claims from being time-barred. Nor has Petitioner demonstrated that this is one of the rare cases in which the actual innocence exception to the statute of limitations recognized by *McQuiggin* applies. Therefore, his habeas

claims challenging his convictions in his 2018 Venango County are time-barred and the Court will deny them for that reason.

## III.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find the Court's disposition of Petitioner's claims to be debatable. Accordingly, the Court will not issue a certificate of appealability on any of Petitioner's grounds for relief.

## IV.    Conclusion

Based on all of the foregoing, the Court will deny the Petition (ECF 4), deny a certificate of appealability, and direct the Clerk of Court to close this case.

An appropriate Order follows.

BY THE COURT:


/s/ Patricia L. Dodge

Date:  April 26,  2023          PATRICIA L. DODGE
                                United States Magistrate Judge

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
Criminal Division

COMMONWEALTH OF PENNSYLVANIA

vs.

Eric Allen Cummings

CR No. 470-2018

### PLEA AGREEMENT FORM

Pursuant to the negotiated plea agreement, the defendant will plead guilty to:

| COUNT | CHARGE | GRADE | OGS* |
|-------|--------|-------|------|
| 1 | Persons Not to Possess a Firearm §6105(a)(1) | M1 | 3 |
| 2 | Firearms Ownership/Duty of Other Persons §6111(c) | M2 | 2 |

* Not a function of the agreement - only to assist the Court in processing the case.

The following Counts will be nol prossed:

Remaining Counts

{ X } No recommendation as to sentencing
{    } Recommendation as to sentencing as follows: _____

Special recommended conditions of agreement: _____

This plea agreement shall not affect the right of the Court to impose fines and/or order restitution. The Defendant is aware that the Judge is not bound by the terms of any plea agreement tendered, unless the Judge accepts the agreement.

_____
Attorney for the Commonwealth

_____
Defense Attorney

12/17/18
Date

_____
Defendant

I, _____, Defendant, understand that I must report to Court Room I or II, Venango County Court House on _____, 20____, at 8:00 a.m. to receive my rights via video and to enter my plea of guilty. I also understand that my failure to appear and plead as scheduled may result in this agreement being withdrawn or voided and a bench warrant being issued for my arrest.

Original:   Clerk of Courts (White)
Copies:     Court (Gold)
            District Attorney (Green)
            Defense Counsel (Yellow)
            Defendant (Pink)

_____
Defendant

## CONFIRMATION OF VIEWING VIDEOTAPE

On this date, I viewed a videotape of my trial rights given to all defendants prior to Arraignment Court. In the videotape Judge Lobaugh explained to me, and I do understand, that I am presumed innocent of the charges filed against me in this matter, and that the Commonwealth has the burden of proof, by legal and competent evidence, beyond a reasonable doubt. I am aware of my right to confront my accuser(s) in a trial by a jury and to participate in selecting the jury, or to a trial by a judge alone. I fully understand all of the other rights explained to me in the videotape. I further understand I will have a hearing presently before the court on the subject of my plea and, if I have any questions relating to what I observed and heard from the videotape, I will ask those of the court at that time.

_____
Defendant signature

_Eric Cummings_
Print name

_2 Bell Ave.  Polk PA. 16342_
Address

_(814) 437-1845_
Phone number

_N/A._
Emergency contact number

_12/17_ , _0823_
Date                          Time

_CO Fortz #40_
Witness

*IF YOU ENTER A GUILTY PELA AND A PRE-SENTENCE INVESTIGATION REPORT IS ORDERED, YOU MUST SEE THE PAROLE AGENT IMMEDIATELY FOLLOWING THE ENTRY OF YOUR GUILTY PLEA.

_December 17,_ 201 _8_

THE DEFENDANT _____ BEING ARRAIGNED PLED

_Guilty - Ct 1 & 2_
_(as amended)_

_X Eric Colomp_
DEFENDANT

_M C K_
ATTORNEY FOR DEFENDANT

SIMILITER ET ISSUE

DISTRICT ATTORNEY

_____ 201 _____

THE DEFENDANT _____ BEING ARRAIGNED PLED

_____

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

SIMILITER ET ISSUE

_____
DISTRICT ATTORNEY

_____ 201 _____

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA          :
                                      :
v.                                    :          C.R. Nos.  470-2018
                                      :
ERIC ALLEN CUMMINGS,                  :
     Defendant                        :

### ORDER OF COURT

AND NOW, this 25 day of August , 2020, the Court has before it Defendant

Motion for Post-Conviction Collateral Relief (PCRA Motion). This is Defendant's first petition

in this matter under the Post Conviction Relief Act (PCRA).

The PCRA provides that any PCRA petition must be filed within one year of the time that

judgment becomes final, 42 Pa.C.S. § 9545(b)(1), unless a petition alleges and the petitioner

proves that one of three enumerated exceptions. "The timeliness requirements of the Post

Conviction Relief Act (PCRA) are jurisdictional in nature and, accordingly, a PCRA court

cannot hear untimely petitions." *Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa.Super.

2019). Defendant was sentenced in this matter on March 8, 2019. Defendant filed no post-

sentence motions and did not file a notice of appeal. Judgment became final in this matter no

later than 30 days after the date of his sentence, which would have been April 8, 2019. *See*

Pa.R.Crim.P. 720(A). As such, a PCRA motion filed in this matter after April 8, 2020 is

untimely. Defendant filed his PCRA Motion on June 1, 2020; therefore, it is untimely and must

meet an enumerated exception for this Court to exercise jurisdiction. Defendant indicates in his

PCRA Motion that the exception in contained in Section 9545(b)(1)(iii) applies, the full text of

which reads as follows: "the right asserted is a constitutional right that was recognized by the

Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

provided in this section and has been held by that court to apply retroactively." However, Defendant does not identify what decision or decisions of the United States Supreme Court or Pennsylvania Supreme Court would make him eligible for this exception. Defendant provides the following description in paragraph 5 of his motion in support of his contention that this exception applies: "Illegal sentence, discretionary aspects of sentencing. Lack of Statutory Authority 18 Pa.C.[S.A.] 6111(c) / Statute in question Amounts to a[n] Ex-Post-Facto violation. (Illegal sentence)." PCRA Motion at 3 (capitalization in original). As Defendant did not identify a decision of either the United States or Pennsylvania Supreme Courts recognizing and applying retroactively any right that would support this argument, and because the Court is not otherwise aware of any such decision(s), Defendant fails to set forth grounds upon which he may meet this exception.

Since the PCRA Motion fails to satisfy the PCRA timing requirements or an enumerated exception thereto, this Court cannot exercise jurisdiction over the matter. For this reason, the Court hereby announces its intention to **DISMISS** the PCRA Motion pursuant to Pa.R.Crim.P. 907(1). Unless Defendant responds within 20 days, the Court will enter an order dismissing the PCRA Motion.

BY THE COURT,

Robert L. Boyer, Judge

CC:   DA  faxed
       Eric Allen Cummings, SCI-Mercer
       √RLW

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | |
| v. | : | C.R. No.  470-2018 |
| | : | |
| ERIC ALLEN CUMMINGS, | : | |
| Defendant | : | |

### ORDER OF COURT

AND NOW, this _9_ day of November, 2020, the Court has before it correspondence from Defendant, filed November 4, 2020. In his correspondence, Defendant avers that his PCRA Motion was timely filed, and that the COVID-19 virus and a piece of proposed legislation (Pennsylvania House Bill No. 2248 of 2020)[1] justify appointment of counsel in the above-captioned matter.

On August 25, 2020, this Court issued an order in the above-captioned matter in response to Defendant's PCRA Motion, noting that the petition was untimely. That order further noted that Defendant had argued that the timeliness exception found in 42 Pa.C.S. § 9545(b)(1)(iii) should apply, but offered no indication as to what new constitutional right might apply and did not identify a United States or Pennsylvania Supreme Court decision that would make the same applicable to his case. The order then advised Defendant that he had 20 days to respond, or the Court would dismiss the PCRA Motion as untimely. On September 29, 2020, the Court issued an

---

[1] The bill is titled "An Act amending Title 42 (Judiciary and Judicial Procedure) of the Pennsylvania Consolidated Statutes, in post-trial matters, further providing for eligibility for relief, providing for postconviction review for veterans with traumatic brain injury or post-traumatic stress disorder and further providing for jurisdiction and proceedings; and, in sentencing, further providing for sentencing procedure for murder of the first degree." The bill was referred to the Committee on Veterans Affairs and Emergency Preparedness on January 30, 2020. *See* House Journal, Session of 2020, No. 7 (February 3, 2020). As of the date of this order, the Legislature appears to have taken no further action on the bill.

order dismissing Defendant's case; however, though the order was captioned with Defendant's

case, the substance of the order addressed a different matter.[2]

Due to defects in the September 29, 2020 order, the Court will treat Defendant's

correspondence as a timely response to its August 25, 2020 order and will address the merits of

the same. To the extent that Defendant argues that House Bill 2248 would permit him to avail

himself of one of the timeliness exceptions found in Section 9545(b)(1), his argument is

misplaced. As House Bill 2248 is proposed legislation that has not been enacted by the

legislature, any provision of the Bill upon which Defendant might rely has no legal significance

at this time and thus cannot support a claim that his untimely PCRA Motion should be treated as

timely filed. Defendant references to "the COVID-19 virus" generally in his correspondence, and

later acknowledgement that the courts were closed in response to the virus, the Court observes

that Defendant is correct that the Pennsylvania courts were generally closed for a period of time

between March and June of 2020. However, Defendant does not offer sufficient evidence,

argument, or other support for the Court to find that this meets one of the three enumerated

exceptions to the one-year time limit imposed by Section 9545(b).[3]

Defendant has not identified an applicable exception to the statutory one-year time limit

imposed on PCRA petitions and Defendant's PCRA Motion was filed more than one year after

judgment in this matter became final. Defendant, in his response to the August 25, 2020 order,

has not presented to the Court any argument or information that indicates that one of the

---

[2] The order also did not properly identify Defendant as a recipient. However, it appears that the order was mailed to Defendant.
[3] To the extent that the Court might construe Defendant's statements as a contention that the exception found in Section 9545(b)(1)(i) applies—that is, that closure of the courts amounted to government interference with presentation of his claim in violation of the laws of Constitutions of Pennsylvania or the United States—the Court is unaware of any decision of a Pennsylvania appellate court or a federal court finding that the court closure was unconstitutional. As Defendant has not identified such a decision or developed any argument to that effect, the Court cannot find that this exception would apply.

exceptions applies. As such, Defendant's PCRA Motion untimely and, for the reasons set forth in the August 25, 2020 order in this matter, the PCRA Motion is hereby **DISMISSED**.

BY THE COURT,

Robert L. Boyer, Judge

CC:   DA
      Eric A. Cummings, SCI-Mercer
      √ RLW